Robert Amador, Esq. (State Bar #269168)
Centennial Law Offices
9452 Telephone Rd. 156
Ventura, CA 93004
(888)308-1119 ext. 11
(888) 535-8267 fax
R.Amador@centenniallawoffices.com

Attorney for Plaintiff
PARHAM JAVAHERIPUR

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PARHAM JAVAHERIPUR, | Case No. |
| Plaintiff, | |
| v. | COMPLAINT FOR: |
| FIFTH THIRD BANK; and DOE 1-5, | 1. TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. 227 et seq.); |
| Defendants. | 2. ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (Cal. Civ. Code § 1788 et seq.); |
| | 3. INVASION OF PRIVACY – UNREASONABLE INTRUSION INTO PRIVATE AFFAIRS |
| | **DEMAND FOR JURY TRIAL** |

1.  Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. 227 et seq. ("TCPA"), Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788 et seq.), and invasion of privacy.

CIVIL COMPLAINT - 1

## JURISDICTION AND VENUE

2.     This Court exercises jurisdiction under 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, and 1367.  This District is of proper venue as Plaintiff is a resident within this District and Defendants engaged in the actions alleged herein while Plaintiff so resided.

## PARTIES

3.     Plaintiff Parham Javaheripur (hereinafter "Mr. Javaheripur" or "Plaintiff") is a resident of North Hollywood, California.  Defendant, FIFTH THIRD BANK (hereinafter "Defendant" is a Ohio corporation believed to maintain its principle place at business at 50 Kingsley Drive in Cincinnati, Ohio.  FIFTH THIRD BANK and DOE 1-5 shall jointly be referred to herein as "Defendants".  Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities once ascertained.  Plaintiff believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed.

4. FIFTH THIRD BANK and DOE 1-5 shall hereafter be jointly referred to as "Defendants."

5. Defendants regularly engage in debt collection and are "debt collectors" as defined by Cal. Civ. Code § 1788.2(c).

## FACTUAL ALLEGATIONS

5. Defendants called Mr. Javaheripur's cell phone number at least 174-times between June 6, 2015 and May 9, 2016 in connection with an attempt to collect a consumer debt from an individual Mr. Javaheripur has no knowledge of.

6. Defendants' placed at least 174-calls to Plaintiff with the use of an automated dialer playing a pre-recorded message, the content of which was most often as follows: "This is Fifth Third Bank calling… Maura Munoz about a change in the status of your account.  For any questions, please call us at 1-800-457-0839.  If this is… Maura Munoz, press one, if not press two.  Thank you from Fifth Third Bank.  Goodbye."

7. Mr. Javaheripur never authorized or otherwise consented to receiving such calls from Defendants.

8. Mr. Javaheripur, increasingly harassed and concerned by Defendants' repeated calls, retained counsel with Centennial Law Offices.

9.  In September 2015 and then again in March of 2016, staff from Centennial Law Offices contacted Defendants in an effort to terminate the calls, but Defendants claimed not to have record of Mr. Javaheripur's phone number. The calls continued through May 9, 2016.

10. Based on the foregoing, and as a direct result of Defendants' activities, Plaintiff has incurred attorney's fees of $2,355.00 to date.

## CAUSES OF ACTION

### COUNT I

11. Plaintiff re-alleges paragraphs 1 through 10, inclusive, and by reference hereto incorporates the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants violated 47 U.S.C. 227(b)(1) by calling Plaintiff at least 174-times with the use of an automatic telephone dialing system and prerecorded message, without his consent, and for a non-emergency purpose.

### COUNT II

12. Plaintiff re-alleges paragraphs 1 through 10, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated Cal. Civ. Code § 1788.11(e) by communicating with Plaintiff with such

frequency as to be unreasonable and to constitute harassment to Plaintiff under the circumstances.

## COUNT III

13.   Plaintiff re-alleges paragraphs 1 through 10, inclusive, and by reference hereto incorporates the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated Cal. Civ. Code § 1788.17 in that Defendants violated 15 U.S.C. 1692d by engaging in conduct the natural consequence of which was to harass, annoy, and/or oppress Plaintiff.

## COUNT IV

14.  Plaintiff re-alleges paragraphs 1 through 10, inclusive, and by reference hereto incorporates the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, invaded Plaintiff's privacy by engaging in the unreasonable intrusion into his private affairs through repeated calls to Plaintiff with the use of a automated dialer and prerecorded message.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

## COUNT I

1.) For statutory damage in the amount of $87,000 pursuant to 47 U.S.C 227(b)(3);

2.) For prejudgment interest in an amount to be proven at time of trial;

3.) For the costs of this lawsuit; and

4.) For any other and further relief that the court considers proper.

## COUNTS II & III

1.) For statutory damages in the amount of $1,000 pursuant to Cal. Civ. Code § 1788.30(b);

2.) For legal costs incurred in responding to unlawful collection activity;

3.) For prejudgment interest in an amount to be proven at time of trial;

4.) For attorney's fees pursuant to Cal. Civ. Code § 1788.30(c);

5.) For the costs of this lawsuit; and

6.) For any other and further relief that this Court deems just and proper.

## COUNT IV

1.)  For damages to be proven at trial.

2.)  For punitive damages;

3.)  For the costs of this lawsuit; and

4.)  For any other and further relief that this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a jury trial.

Date:  September 26, 2016        s/Robert Amador_____
                                 ROBERT AMADOR, ESQ.
                                 Attorney for Plaintiff Parham Javaheripur